IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR.S-08-0368 DAD |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| JERROD STRANAHAN, | ) | |
| Defendant. | ) | |
| _____/ | | |

This criminal case was initiated August 12, 2008, by the filing of an Information charging the defendant with violating 21 U.S.C. § 844(a) on April 9, 2008 at Beale Air Force Base. The case is scheduled for a jury trial commencing March 12, 2009. On March 9, 2009, the defense filed a motion in limine seeking to preclude the government from offering testimony regarding statements allegedly made by the defendant at the time of his arrest due to the government's disclosure of such statements at the eleventh hour.

On March 10, 2009, the court placed the motion on calendar for hearing in order to avoid delay in commencing trial on March 12,

2009.  Certified Law Students Jennifer Davis and Isabel Liou appeared as counsel on behalf of the government.  Deputy Federal Defender Michael Petrick appeared for the defendant, whose appearance was waived.  For the reasons set forth below, the motion in limine will be granted and the government will be precluded from introducing evidence of the defendant's alleged statements.

It is undisputed that on September 2, 2008, counsel for the defendant sent a letter to counsel for the government requesting discovery, including any and all statements made by the defendant. See Federal Rules of Criminal Procedure 16(a)(1)(A).[1]  It is also undisputed that on February 26, 2009, two weeks before the scheduled trial, the government first disclosed to the defense that the defendant allegedly made highly incriminating statements to base security Airman Cory Pinkston at the time of the defendant's arrest.  Counsel for the government has clarified that they were aware of these alleged statements by the end of October 2008 when Pinkston was interviewed.[2]  Government counsel interviewed Pinkston again in preparation for trial and then realized that the statements attributable to the defendant had not been turned over to the defense and immediately did so by letter dated February 26, 2009.

/////

---

[1] The defense was aware, through discovery or otherwise, that defendant Stranahan had given base security Airman Cory Pinkston written consent to search defendant's vehicle, that Pinkston had given the defendant the Miranda advisement and that the defendant had signed the written form invoking his right to remain silent.  No statements of the defendant were produced in discovery.

[2] See letter filed March 10, 2009.

Whether the failure to timely provide the defense with the defendant's oral statements was attributable to the base security officer who cited him or to the government's counsel, is of no import. Under Rule 16(a)(1)(A), the government must disclose to a criminal defendant upon request "the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use the statement at trial." There is perhaps no more critical discovery in a criminal case than statements allegedly attributable to the defendant himself. Discovery of the defendant's own statements obviously should have been made immediately at the outset of the prosecution some six months ago.

The sanction to be imposed for failure to comply with discovery are within the sound discretion of the trial court. United States v. Basinger, 60 F.3d 1400, 1407 (9th Cir. 1995); United States v. Burgess, 791 F.2d 676, 681 (9th Cir. 1986) (and cases cited therein); Fed. R. Crim. P 16(d)(2). Thus, the court may order the discovery to be produced, grant a continuance, prohibit the party from introducing the undisclosed evidence, or enter any other order that is just under the circumstances. Fed. R. Crim. P 16(d)(2).

The granting of a continuance is not an appropriate or just remedy for the discovery violation here. This case was originally set for jury trial on November 3, 2008. By stipulation, the jury trial was continued to February 23, 2009. At the Trial Confirmation Hearing on February 3, 2009, defense counsel advised the court of several trial conflicts and sought a continuance of the trial until May of

2009. Counsel for the government objected and argued for an earlier trial date. The court agreed with government's counsel, denied the defense request for a continuance and set the jury trial for March 12, 2009 in the midst of other matters on the court's calendar. The government's belated production of critical discovery in the form of defendant's own statements, after six months of delay, does not justify a continuance of the jury trial at this late date. On the other hand, dismissal would be an unduly harsh sanction. Facing a similar situation, in United States v. Burgess the Ninth Circuit observed:

> In this case, the court imposed the severe sanction of suppression, thus keeping out evidence that apparently would have seriously damaged Burgess' case. The sanction of complete suppression allowed Appellant's counsel to pursue his already formulated trial strategy. Appellant took the stand and testified as planned, and the Government was not able to use the inculpatory statements for impeachment.
>
> Because the sanction imposed prevented any possible prejudice, we find no abuse of discretion.

791 F.2d at 681.

The same remedy as imposed in the Burgess case is appropriate in this case as well under the circumstances outlined above. Accordingly, the defendant's motion in limine is hereby granted. Testimony regarding statements allegedly made by the defendant at the time of his arrest will be excluded from the trial

/////

/////

/////

4

both in the government's case-in-chief as well as in any cross-examination of the defendant, should he testify, and in the government's rebuttal case, if any.

IT IS SO ORDERED.

DATED: March 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
stran368.inlimine.order